THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL TODD, GREGORY STACKHOUSE,
STEVE BLAI, VONDA SARGENT, MAX
HARRISON, ZOANN CHASE-BILLING, OGNJEN
PANDZIC, SEUNGRAN CHWE, DANIEL WU,
MARCUS NAYLOR, MELISSA MILLER, LEN
JOHNSON, ASHLEY ALM, JIM AMES, BLANCA
ZAMORA, CHARLES MAEL, SOMER CHACON,
BRAD HAMPTON, NICHOLAS JUHL,
GEORGINA LUKE, JUDITH STREDICKE, RICH
NEWMAN, MARK CONTRATTO, ANEVA
FREEMAN, CHRIS CLINE, TERA CLINE, JIM
ABRAHAM, CATHERINE IWAKIRI, VICKI
WAGNER, CODY EDWARDS, JULIE WILLIAMS,
MICHAEL SALOKAS, BARBARA KELLER,
CRAIG COATES, CHRIS SPERLICH, LORI
FLEMING, BEN BACCARELLA, DALTON
SHOTWELL, JERE KNUDTSEN, BELINDA RIBA
GREIG FAHNLANDER, DONALD STAVE,
RICHARD MERCHANT, DAVID ROARK,
TIMOTHY MORGAN, CHARLES GUST, CASEY
HALVORSON, STEVEN MOODY, RICHARD
DAIKER , individually and on behalf of two classes
of similarly situated persons,

     Plaintiffs

   v.

THE CITIES OF AUBURN, BELLEVUE, BONNEY
LAKE, BREMERTON, BURIEN, FEDERAL WAY,
FIFE, ISSAQUAH, LACEY, LAKE FOREST
PARK, LAKEWOOD, LYNNWOOD,  PUYALLUP,
RENTON, SEATAC, SEATTLE, SPOKANE,
TACOMA, , as well as AMERICAN TRAFFIC
SOLUTIONS (d/b/a "ATS"); AMERICAN
TRAFFIC SOLUTIONS, LLC (DBA "ATS
SOLUTIONS") AND REDFLEX TRAFFIC
SYSTEMS, INC.,

     Defendants

Case No. C09-1232JCC

ORDER

ORDER
PAGE - 1

1    This matter comes before the Court on Defendants' motion to dismiss (Dkt. No. 108),

2    Plaintiffs' response (Dkt. No. 118), and Defendants' reply. (Dkt. No. 119.) Having thoroughly

3    considered the parties' briefing and the relevant record, the Court finds oral argument

4    unnecessary and hereby GRANTS the motion for the reasons explained herein.

5    **I.     BACKGROUND**

6        In 2005, the Washington State Legislature passed a law granting municipalities the

7    authority to issue citations to owners of vehicles that were photographed violating red lights or

8    school speed zones. WASH. REV. CODE 46.63.170. Several municipalities throughout the state

9    adopted the traffic camera program and contracted with either American Traffic Solutions,

10   LLC or Redflex Traffic Systems, Inc. to provide equipment and services. (Mot. 4 (Dkt. No.

11   108).)  Plaintiffs are a group of vehicle owners who were issued a notice of infraction ("NOI")

12   generated by a traffic camera. (Resp. 20 (Dkt. No. 118).) Plaintiffs are at different stages of the

13   proceedings that ensued from the issuance of the NOI, but all have either paid or are subject to

14   fines of $101, $104 or $124. (*Id.*) Defendants are a group of municipalities in Washington

15   State ("Defendant Cities") and two companies that contracted with Defendant Cities to operate

16   and maintain the traffic cameras.

17       Plaintiffs originally filed suit in King County Superior Court, but Defendants removed

18   the case to this court pursuant to the Class Action Fairness Act, which grants original

19   jurisdiction to federal district courts for any civil action in which the amount in controversy

20   exceeds $5,000,000 and is a class action in which any plaintiff is a citizen of a State different

21   from any defendant. 28 U.S.C. § 1332(d)(2)(A). Plaintiffs challenge the legality of the traffic-

22   camera program on the grounds that the fines are excessive, the contracts with the Defendant

23   corporations are contrary to statute, and Defendant Cities failed to get the required approval for

24   the NOIs from the Administrative Office of the Courts ("AOC"). Defendants dispute Plaintiffs'

25   claims and bring this motion to dismiss on the grounds that jurisdiction over claims relating to

26   traffic infractions should be limited to the municipal courts.

ORDER
PAGE - 2

## II.       APPLICABLE LAW

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Although a complaint challenged by a Rule 12(b)(6) motion to dismiss need not provide detailed factual allegations, it must offer "more than labels and conclusions" and contain more than a "formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must indicate more than mere speculation of a right to relief. *See id.* When a complaint fails to adequately state a claim, such deficiency should be "exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 558. A complaint may be lacking for one of two reasons: (1) absence of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). In ruling on a defendant's motion to dismiss under Rule 12(b)(6), the Court assumes the truth of the plaintiff's allegations and draws all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

## III.     ANALYSIS

### A.    Jurisdiction

Defendants argue that the Court lacks jurisdiction to hear Plaintiffs' claims. The Seattle Municipal Court has statutory jurisdiction over traffic cases. Wash. Rev. Code 35.20.010(1). Municipal courts in all other Defendant Cities have exclusive original jurisdiction over traffic infractions arising under city ordinances. Wash. Rev. Code 3.50.020. However, this does not mean that municipal courts have original jurisdiction over any case conceivably related to the enforcement of municipal ordinances; many such cases will be outside their purview. *Orwick v. City of Seattle*, 692 P.2d 793, 796 (Wash. 1984). The Supreme Court of Washington has held that "superior courts have original jurisdiction over claims for equitable relief from alleged system-wide violations of mandatory statutory requirements by a municipal court and from

1   alleged repetitious violations of constitutional rights by a municipality in the enforcement of

2   municipal ordinances." *Id.* at 795.

3          The Court notes that there was some inconsistency with respect to the different claims

4   and defenses made by different Plaintiffs in municipal court. (Reply 12–13 (Dkt. No. 119).)

5   Before the filing of this case, some municipal courts allowed Plaintiffs to bring the claims that

6   they repeat now. (*Id.*) This, Defendants argue, proves that municipal courts did indeed have

7   jurisdiction to hear these claims. (*Id.*) Plaintiffs argue that the examples Defendants cite are

8   merely instances where *Orwick* was not properly applied, and that because municipal courts

9   lacked the authority to hear tort claims, Consumer Protection Act ("CPA") claims, and

10  equitable claims, prior arguments to the municipal courts should be disregarded and considered

11  here afresh. (Resp. 11 (Dkt. No 118).) The Court agrees. Article IV Section 6 of the

12  Washington State Constitution does not grant municipal courts the authority to hear equitable

13  claims. These claims can be resolved consistently only in federal courts or Washington

14  superior courts.

15         Defendants offer two more jurisdictional reasons why this Court should dismiss. First,

16  Plaintiffs argue that municipal courts have jurisdiction over these claims and that where two

17  tribunals have jurisdiction, the one first obtaining jurisdiction maintains it exclusively. *Yakima*

18  *v. Int'l Ass'n of Fire Fighters*, *et al.*, 117 Wn.2d 655, 673–76 (1991). Second, Defendants cite

19  *Younger v. Harris*, 401 U.S. 37 (1971) for the position that a federal court must abstain in

20  deference to state courts where: (1) there is an ongoing state proceeding; (2) the proceeding

21  implicates important state interests; and (3) the federal litigant is not barred from litigating

22  federal constitutional issues in that proceeding.

23         However, as stated above, the Court finds that municipal courts do not have jurisdiction

24  over claims that relate to system-wide violations of statutory requirements in the enforcement

25  of municipal ordinances. The Court agrees with Plaintiffs that they could be barred from

26

ORDER
PAGE - 4

1  litigating federal constitutional issues, and, accordingly, will not abstain from hearing

2  Plaintiffs' claims.

3      **B.    Res Judicata**

4      Defendants argue that res judicata bars Plaintiffs' claims. Res judicata prevents a party

5  from re-litigating all claims that were raised, or could have been raised, in an earlier action.

6  *Stevens County v. Futurewise*, 192 P.3d 1, 6 (Wash. Ct. App. 2008). Defendants cite several

7  cases in which Plaintiffs failed to bring possible claims in municipal courts or superior courts

8  and were therefore prohibited from bringing these claims in federal court. *Idris v. City of*

9  *Chicago*, 552 F.3d 564, 565 (7th Cir. 2009); *McCarthy v. City of Cleveland*, 2009 WL

10  2424296 (N.D. Ohio Aug. 6, 2009); *Kovach v. District of Columbia*, 805 A.2d 957 (D.C. Ct.

11  App. 2002); *Dajani v. Governor & General Assemble of the State of Md.*, 2001 WL 85181 (D.

12  Md. Jan. 24, 2001). The Court finds these cases to be unpersuasive.

13      None of Defendants' cases is from Washington. As stated above, the Washington

14  Supreme Court has stated that the superior courts have original jurisdiction over claims

15  alleging system-wide violations in the enforcement of municipal ordinances. *Orwick v. Seattle*,

16  692 P.2d at 795. Defendants have not established that the states in which their cases were

17  decided have similar laws. To the extent that Defendants' cases stand for the proposition that

18  Plaintiffs should have brought their claims in municipal court, they simply do not apply to

19  Washington law.[1]

20      Accordingly the Court finds that res judicata does not bar Plaintiffs' claims.

21      **C.    Declaratory and Injunctive Relief Claims**

22      Plaintiffs present three challenges to the traffic camera system. The first is that

23  Defendant municipalities violated due-process requirements when they failed to get approval

24  _____

25      [1] This logic also applies to Plaintiffs' failure to appeal the infractions. Because Superior
    Courts have *original* jurisdiction, Plaintiffs cannot be faulted for not engaging in an appeals

26  process that would have skirted that jurisdiction.

ORDER
PAGE - 5

1   for the NOIs from the Administrative Office of the Courts. (Resp. 6–9 (Dkt. No. 118).) Rule

2   2.1 of the Infraction Rules for Courts of Limited Jurisdiction ("ILRJ") states: "Infraction cases

3   shall be filed on a form entitled 'Notice of Infraction' *prescribed* by the Administrative Office

4   of the Courts; except that the form used to file cases alleging the commission of a parking,

5   standing or stopping infraction shall be *approved* by the Administrative Office of the Courts."

6   (emphasis added). WASH. REV. CODE 46.63.170(2) states: "infractions generated by the use of

7   automated traffic safety cameras under this section shall be *processed* in the same manner as

8   parking infractions, including for the purposes of RCW 3.50.100, 35.20.220, 46.16.216, and

9   46.20.270(3)." (emphasis added). Plaintiffs argue that because traffic camera infractions should

10   be processed in the same manner as parking infractions, and the form used to file cases

11   alleging parking infractions requires AOC approval, then NOIs generated by traffic cameras

12   must also require approval. Not so.

13        The Code does not require a traffic camera infraction to be treated like a parking

14   infraction in every single respect. WASH. REV. CODE 46.63.170(2) states only that when an

15   infraction is generated, is to be processed like a parking infraction. This refers to individual

16   NOIs given to individual drivers and the legal steps and consequences that ensue.  The four

17   code sections that WASH. REV. CODE 46.63.170(2) specifies, WASH. REV. CODE 3.50.100,

18   35.20.220, 46.16.216, and 46.20.270(3), confirm this interpretation in that they all concern

19   aspects of post-infraction procedure: treatment of funds collected by an infraction, renewal of a

20   driver's license following infractions, and withholding of driving privileges following traffic

21   offenses. AOC approval is not a step contemplated in the processing of any infraction; it is a

22   way of ensuring, before any processing of infractions begins, that a municipality is using

23   legally sufficient forms. Although NOIs from traffic cameras are processed like parking

24   tickets, the forms are to be drafted in compliance with rules for traffic tickets. And ILRJ 2.1

25   states that NOIs for traffic tickets need only be on forms prescribed by the AOC, not approved

26   by them. Plaintiffs have not alleged that the NOIs fail to meet any of the AOC's prescriptions.

ORDER
PAGE - 6

1    Plaintiffs' second challenge is that the fines generated by traffic cameras are excessive.

2    WASH. REV. CODE 46.63.170(2) states that the fines "shall not exceed the amount of a fine

3    issued for other parking infractions within the jurisdiction." Plaintiffs argue that the

4    Washington State Legislature intended for the fines to be no higher than a normal parking

5    ticket, i.e. twenty dollars. (Resp. 4 (Dkt. No. 118).) Defendants respond that in the intervening

6    five years, the Legislature could have clarified its views on fine limits if they felt they had been

7    misinterpreted. (Mot. 23 (Dkt. No. 108).) A more plausible reading of the Code, Defendants

8    argue, is that the municipalities may set fine amounts at or below those of the maximum fine

9    allowed for parking infractions. (*Id.* at 22.) Traffic camera fines range from $101 to $124. (*Id.*

10    at 23.) Fines for fire lane parking and disabled parking violations in each municipality range

11    from $175 to $250. (*Id.*) While these fines are set by state law rather than municipal code

12    (WASH. REV. CODE 46.16.381(7)–(9); WASH. REV. CODE 46.55.105(2)), Plaintiffs offer no

13    reason to conclude that these fines are outside the jurisdiction of the city, and therefore an

14    impermissible ceiling on fine amounts, given that WASH. REV. CODE 35A.12.140 allows

15    municipalities to adopt state code by reference. The Court agrees that the Code grants

16    municipalities flexibility in determining fine levels, and that the fines are not excessive.

17    Plaintiff's third challenge is that the municipalities' contracts with ATS and Redflex

18    violate Washington law. WASH. REV. CODE 46.63.170(1)(i) states that "the compensation paid

19    to the manufacturer or vendor of the equipment used must be based only upon the value of the

20    equipment and services provided or rendered in support of the system, and may not be based

21    upon a portion of the fine or civil penalty imposed or the revenue generated by the equipment."

22    Plaintiffs argue that the contracts violate this statute in two ways, but they are misinterpreting

23    the law.

24    First, the contracts contain "stop-loss" provisions. These provisions allow the

25    municipalities to defer payment until the cameras generate enough revenue to cover their

26    expense. (Mot. 18 (Dkt. No. 108).) But they do not change the amount that the municipalities

ORDER
PAGE - 7

1   must eventually pay the camera companies. (*Id.*) Plaintiffs insist that these provisions run

2   counter to the prohibition on any system of compensation based on a portion of the revenue

3   generated. (Resp. 6 (Dkt. No. 118).) The Court does not agree. Under this system, it is the

4   payment schedule, not the amount of compensation, that is based on a portion of revenue

5   generated. The stop-loss provisions have allowed the municipalities to purchase traffic

6   enforcement on a layaway plan, but not to change the price.

7         Second, Plaintiffs argue that some contracts with Bellevue, Lynwood, Seattle, and

8   Spokane include unlawful volume-based payments. The Lynwood contract, for example, states

9   that ATS charges a fee of $5.00 for the first infraction per camera, and then processes all

10  following infractions via that camera during a month, up to 800, as part of the flat fee per

11  camera. (Mot. 6 n. 6 (Dkt. No. 108).) However, when infractions per camera exceed 800 per

12  month, Lynwood pays ATS a processing fee of $5.00 per infraction over 800. (*Id.*) As with the

13  stop-loss provisions, Plaintiffs argue that this is a system of compensation based on a portion

14  of the revenue generated. Again, Plaintiffs misread the statute. The statute specifically allows

15  for compensation based on the value of services provided. WASH. REV. CODE 46.63.170(1)(i).

16  The Court agrees with Defendants that the $5.00 is a service charge, not a share of the

17  revenues.

18        Plaintiffs have failed to state facts sufficient to support their claims for declaratory and

19  injunctive relief.

20        **D.**    **Additional Claims.**

21        Plaintiffs also bring a claim for violation of the CPA and common law claims for

22  Abuse of Process and Unjust Enrichment. (Resp. 32–36 (Dkt. No. 118).) But all of these claims

23  are predicated on the finding that Defendants violated Washington law by entering into illegal

24  contracts, charging excessive fees, and issuing unapproved NOIs. (*Id.*) As detailed above, the

25  Court finds that Defendants' actions were not in violation of Washington law. Accordingly,

26  Plaintiff's CPA and common law claims fail.

ORDER
PAGE - 8

1    **IV.      CONCLUSION**

2          Defendants' motion to dismiss (Dkt. No. 108) is GRANTED. The Clerk is DIRECTED

3    to CLOSE the case.

4

5    DATED this 2nd day of March, 2010.

6

7

8

9

10   _____

11   John C. Coughenour
     UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER
PAGE - 9